Robert BIRD and Mrs. Hunter L. Bird, Plaintiffs-Respondents,

v.

Glenn M. HILLHOUSE, Sr., Martin Stallings and Hugh Hunter Byrd, Directors Mississippi County Levee District No. 3, Defendants-Appellants.

No. 11073.

Missouri Court of Appeals, Southern District, Division Three.

Nov. 20, 1979.

Jeffrey C. Vaughan, Joslyn, Joslyn, Vaughan & Pruett, Charleston, for plaintiffs-respondents.

Anthony J. Heckemeyer, Sikeston, for defendants-appellants.

BILLINGS, Presiding Judge.

Plaintiffs brought this action seeking, inter alia, a mandatory injunction requiring defendants to replace a bridge structure that had extended across a drainage ditch under the defendants' control and removed by defendants. The trial court entered a judgment in favor of plaintiffs and against defendants on Counts I and II of plaintiffs' petition. The court issued a mandatory injunction requiring the defendants to build a bridge structure of like dimensions, materials and capacity at the location of the former bridge structure. We reverse.

In April 1931, the United States of America, acting through the Secretary of the Army, began condemnation proceedings in the United States District Court, Eastern District of Missouri in connection with the construction of the Birds Point-New Madrid Setback Levee and Intercepting Drainage Ditch. The construction of the intercepting drainage ditch required the dividing of certain farmlands held by the plaintiffs' predecessor in title. After the completion of the ditch, approximately one hundred twenty-two cultivatable acres of plaintiffs' farm remained on the north side of the ditch, while twenty-seven cultivatable acres remained on the south side of the ditch.

During the construction of this intercepting drainage ditch, the United States Army Corps of Engineers built several wooden bridge structures across this ditch that remained after the completion of the ditch. Apparently, plaintiffs' predecessor in title and plaintiffs used one of these wooden bridge structures, located on their farmlands, to reach their twenty-seven cultivatable acres on the south side of the ditch. In 1955, the United States quitclaimed its interest in this ditch to Levee District No. 3 of Mississippi County. Plaintiffs continued their use of this bridge until August 1975.

In August 1975, defendants were allowing a clean-up and dragline operation of this drainage ditch under a government funded program. Upon reaching the wooden bridge structure, defendants decided to remove the wooden bridge structure and later placed three culverts at the former bridge site. These culverts gave plaintiffs' tenant a crossing to the cultivatable acres on the south side of the ditch. Several months after the culverts had been placed in the ditch, they were removed by defendants due to complaints that the culverts slowed the movement of water during a

heavy rain, which resulted in the flooding of upstream farmland.

■ Our review of this case is governed by Rule 73.01, V.A.M.R., as delineated by the Missouri Supreme Court in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Thus, the judgment of the trial court will be sustained by this court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

Count I of plaintiffs' petition contended that; (1) the removing of the wooden bridge structure violated the terms of a 1955 quitclaim deed from the United States of America to Levee District No. 3 of Mississippi County; and (2) the removing of the wooden bridge structure "amounts to a taking of plaintiff's [sic] property by said Levee District without just compensation therefor as required by law."

At trial, plaintiffs failed to introduce any substantial evidence that the removing of this wooden bridge structure was in violation of any terms contained in the quitclaim deed, that this quitclaim deed gave plaintiffs a right to enforce a violation of any "terms" in the deed, or that plaintiffs had a property right in the bridge structure.

■ Defendants introduced into evidence both the 1955 quitclaim deed and the October 1932 condemnation judgment. Pertinent to this action, the quitclaim deed stated that: "the United States of America acquired the necessary rights of way in fee by condemnation proceedings . . . (and) does hereby remise, release and forever quitclaim unto party of the second part (Levee District No. 3) all right, title and interest . . . to have and to hold the foregoing described premises *with the appurtenances thereunto belonging unto the said party of the second part for so long as the party of the second part uses the lands herein conveyed for flood control purposes and maintains . . . the flood control structures thereon . . . .*" (Emphasis added).

The "Findings and Final Judgment", of the United States District Court, Eastern Division of Missouri, in the condemnation proceedings for the property required in the construction of this drainage ditch found, inter alia, that an award of $63.60 was ". . . the full amount to which the said defendants (which included plaintiffs' predecessor in title) are entitled for the land taken for a drainage system . . . and the damages caused thereby to the remainder of the tract . . . ." The court divested the defendants of "any and all right, title, interest and claim thereunder, of any name or nature, and that the said premises and the title thereto and the possession thereof shall be and the same are hereby vested in the United States of America and its assigns forever; . . . ."

These documents clearly establish that the plaintiffs had neither a property right in this wooden bridge structure, nor were they given any enforceable rights through the quitclaim deed.

■ Count II of plaintiffs' petition contended that the defendants had breached an oral agreement to maintain a crossing for the plaintiffs' benefit. Plaintiffs again failed to introduce substantial evidence to establish that a binding contract had been created with defendants. Plaintiffs produced no evidence to establish that this oral agreement was made in accord with controlling Missouri statutes, that the Superintendent acted with the requisite authority to contractually bind defendants, or that any consideration existed for the creating of this agreement.

Defendants introduced testimony from the Board of Directors and the Superintendent of Levee District No. 3 that the "replacing" of the bridge with another crossing was done as a favor to plaintiffs and not pursuant to any agreement.

The foregoing clearly illustrates that no substantial evidence was introduced by the plaintiffs and that the trial court's judgment was against the weight of the evidence.

The judgment, therefore, is reversed.

All concur.